case number 24-208. Thank you. Mr. Tomeo, you have three minutes for rebuttal? Yes, Your Honor. All right. Let's let the students clear the courtroom first and then we'll pick up. All right. Whenever you're ready, counsel. Thank you, Your Honor. May it please the Court, I'm Peter Tomeo. I represent Mr. Rampersant. I'd like to start by correcting my Rule 28J letter I filed yesterday. I quote, at the time I wrote the letter, I thought Robinson was going to be a summary order. When I printed it out from Lexis, I saw that it didn't contain the language of a summary order and indicates it's going to be published. Nevertheless, Your Honors, I think it's wrongly decided on the issue before the Court. I told the government this morning that I was going to ask the Court to remand this case. They've indicated that they agree with me that the location provision of the association clause was improperly added and that it should be stricken. I think the proper procedure for that would be to return it to the district court to decide. And at the same time, I would ask that the district court be permitted to go back and review this search provision of electronic devices. And I'll touch in a minute on the merits on that. I also believe it's likely that my client may decide not to pursue the Second Amendment arguments that I made in my brief based on case law that's come up recently. I want to ask you about that. And I know it's hard to get conversations with your client when they're in custody, but he's done now, right? He's done. I double-checked this morning the BOP. He's technically in BOP custody to the end of May, but he's effectively home. He's home, or he's in a halfway house at least. I think he may actually be home. All right. Because one of my questions as I thought through this case was whether you have had a conversation with him, and I don't obviously want you to breach any privileges, but about what would happen if we ordered the district court to allow him to withdraw his plea? He'd be back as a charged defendant subject to detention under the Bail Reform Act, subject to a trial and a new sentence. And the new sentence wouldn't, you know, necessarily, wouldn't end up necessarily the same as where he was. Exactly, Your Honor. Again, without violating the attorney-client, let me answer this question. I'm saying your question this way. I would not withdraw a plea if I did not have a signed waiver from my client that he understood what we were saying. I don't have one at this point. It's not that. But the absence of it does not indicate I may not get it in the future. Did I skirt the privilege enough? Yes. I appreciate that. Yes. If we were to hold this case anyway because of some other Second Amendment challenges that are pending in front of this court, I guess one of the things I'm thinking, and the panel can talk about this later, but I wanted to put this out there, is whether you'd like to notify us formally whether your client wishes to proceed with the substantive challenge, the motion to withdraw the plea and the substantive challenge. The second amendment challenge or not. You don't need to tell us that now. But now that he's going to be more readily available to you. I understand the supervised release challenges are a separate issue. Right. But what I would suggest, Your Honor, is not to follow that procedure, but to go with a remand for this reason. If you hold the case in abeyance, which I have other cases being held that way, it may be a period of time. He only has a two-year supervised release term. But counsel, you would be asking us to bifurcate the case then. What I'm saying is that at some point in the near future, we can issue an order to this effect. We would like to hear from you that you have discussed with your client whether he wishes to proceed with the substantive appeal of his guilty plea in light of various developments, including his release from custody, as opposed to proceeding with the supervised release challenges, which I view separately. But they are part and parcel of the same appeal in terms of who's got jurisdiction when. Exactly. So it would be helpful to at least to me, and because we don't talk before panels, I haven't spoken to my colleagues, but at least to me to know that you have had that conversation and your client either wishes to or does not wish to at some point notify us in writing, pursue the substantive plea withdrawal aspect of this appeal. Okay. And not to get too deep into the weeds, when you say notify you in writing, would it be beyond my letter if I... We'll issue an order. You would issue an order, but could I respond to it by my letter or would I need a writing from him? We'll discuss it as a panel. Okay. But my point is that we would like to know, at least I would like to know, whether your client is fully sort of cognizant of what the consequences would be if he won on the request that we order the district court to permit him to withdraw his plea. Okay. Well, if you would, if the court were to order, allow me to respond by writing, you would have that letter by the end of the week. Okay. If you want a response from him, then I would probably need two weeks. I think, except I've had this before, and if a member of the bar represents that he has had a conversation with the client and the client fully understands this, we would tend to accept that representation. And based on your previous statement that you wouldn't pursue something without a waiver, a written waiver from the client, we take it that you would protect yourself, that if you're making that representation, you've obtained that proper waiver from your client. Okay. And in that case, give me a little bit of time to be able to get the waiver. We'll follow up. So I do very much see this as two sets of issues, and you started with the supervised release issues, which is fine, but I want to make sure that we think about both. Right. I've just now taken up all of your time with these procedural questions, so if you have time to actually argue your case. Thank you, Your Honor. I do believe, as I indicated, that Robinson should not be applied to the facts of this case. There are a lot of distinctions between Robinson and my case, including the fact that in Robinson there was earlier notice in the PSR that there was going to be an electronic search provision, and there seems to be some indication of dishonesty that the court in Robinson pointed to. My client made no post-arrest statements. He, you know, maybe in the PSR there may be some indications that years ago, when he was a much younger man, he may have made some statements. But in recent times, in connection with this, it seems that his statements are all there. So the part of the Robinson opinion, which appears to be twofold, which is an extensive criminal history coupled with some lying or deception to law enforcement, would suggest the search condition is necessary to render supervision effective. You're saying — It certainly would be a distinction for my case. So you're saying in your client's case there's no history of deception or lying that would suggest this particular condition is necessary. What about the extensive criminal history? I mean, your client does have a criminal history. He does have a criminal history, but it's not a — well, let me put it positively. His background is violent acts and gun charges. Okay. Well, clearly those are the gun search charges covered by the search provision as it is right now. We're not objecting to the idea of the general search provision. We just limited us to the electronic search provision of that condition. His — so he doesn't have a history of — there seems to be some maybe street-level drug dealing at one point. But most of the — but the convictions were for assault and for weapons — attempted weapons possession. The other matters seem to have been not — also not related to any kind of use of electronics. You know, unlike even one of the summary orders that I pointed to, he didn't even seem to have a cell phone at all at the time. I imagine he did somewhere. Robinson now says the use of a cell phone or electronic device in the commission of the underlying offense is no longer a requirement. And that's why I think Robbins — For the condition to be imposed. So we're sort of kind of beyond that in that opinion. But the question is, you know, I was trying to compare sort of the criminal history. If there's a distinction between your client's somewhat — it appears to be he has a significant criminal history versus Robinson. And is it your position that Robinson is focused more on the second piece, the deception and the lying? It's the only way I can justify it. Otherwise, what they're basically doing is saying this should be a standard condition, that nobody who's on supervision should be able to — should have that additional protection of the — Nobody with any prior criminal history. With any prior criminal history, which I don't think — I didn't find that anywhere else in the prior law. It seems to be Robinson coming up with that. The summary opinions that I saw, again, obviously Robinson trumps those, but the summary opinions seem to distinguish that and say that there is that residual right to privacy to electronic means and electronic devices. And I would say that should be applied. And let's go back to the Sentencing Commission. And the Sentencing Commission includes that as a standard condition. And I think the arguments that are made by the government in its brief are really towards that. Why should nobody with a criminal history be allowed to have that additional protection? And they should be subject to electronic surveillance and as I — oh, sorry, searches. And as I say, that just isn't the current state of the law until two weeks ago when Robinson came down. It's still within a period that the federal defenders may seek to have a — ask for a re-hearing, a re-hearing on Bach. But I haven't spoken to them, so I don't know what their plans are. Having been on the panel on some of those other cases prior to Robinson, I understand the argument about, you know, certainly the argument that if you're going to base it on some, you know — everyone these days pretty much uses an electronic device. So, you know, some of those cases were the fact that there was no indication the electronic devices were used in the commission of the offenses. Right. Charged, you know, the subject of the supervised release as well as any prior history of such use. But that seems to now, under Robinson, unless that changes, not be the case. Thank you. Thank you. All right. Thank you, counsel. You've reserved three minutes. We'll hear from counsel for the government. Good morning, Your Honors. May it please the Court. My name is Lorena Michelin, and I represent the United States. I represented the government in the district court as well. With the exception of the location provision of the non-association special condition of supervised release, the Court should affirm the district court's judgment in all respects. First, the record is clear and supports a finding that the district court correctly denied the appellant's motion to withdraw his guilty plea and dismiss the indictment. And second, the appellant's challenge to the inclusion of electronic devices in the special search condition has no merit because the inclusion of that provision was reasonably related to the 3553A factors, as the district court found, and it entailed no greater restriction than was reasonably necessary. For the first point, the appellant's argument that the district court did not accept his guilty plea, the lack of merit of that argument is as evident as its lateness. First, substance matters over form here. The district court wasn't required to use any particular formula or utter any magical word, not even the word accept. The plea colloquy makes clear that the court had. But the court did accept. The court entered a written minute order saying, I accept the plea. Correct, Your Honor. That is standard practice in situations where the magistrate judge conducts the colloquy, that the transcript is then submitted to the district judge and the district judge enters just such an order. In this case, the judge herself did the colloquy, didn't say the nonmagic words, I accept the plea, orally, but then did exactly the same thing that judges routinely do when someone else has done the elocution and says, I hereby accept the order. I don't think there's any question that the order was accepted. You're probably right that even without that, the essence of the findings that were made was tantamount to an acceptance of the plea, but we don't need to go there in this case. That's correct, Your Honor. The docket entry in itself is conclusive, so Rule 11b2b would be the applicable one here. Let me ask you about that. So having, like my colleague, been in that position, a minute entry is not necessarily reviewed by the district judge directly. So setting aside for the moment for the sake of argument whether the minute entry is sufficient, what I'm looking at is the language of the sentencing transcript. And there it very much sounds like the district judge is saying, I did not accept this plea at the time of the plea. She doesn't use those words. But she says, at the time of the plea proceeding, I found there was a factual basis and that it was knowing involuntarily entered. Those are the findings, as Judge Lynch points out, that a magistrate judge would make if the magistrate judge took the plea. But then the district judge takes the next step and says, accordingly, I find. So she uses the past tense to talk about her findings that there was a factual basis and the plea was knowing involuntary, and then uses the present tense, that now today at this sentencing hearing, I am finding, I hereby find, I accept the plea. So how does that not suggest, if she's saying, I found these facts earlier, so I now accept, doesn't that imply that she didn't previously accept it? If taken in the context of what had occurred during the change of plea hearing, or not even considering the docket entry, but just considering what happened during the change of plea hearing, then the answer to Your Honor's question would be no. In the government's view, that statement from the judge at the sentencing hearing was in an abundance of caution, particularly given the context of the prior. So the law allows a judge to choose to delay acceptance of the plea until after reviewing the PSR and hearing other sentencing submissions, right? Yes. But it makes sense that a judge would make the factual findings, as does a magistrate judge taking a plea, at the moment of the plea, about the factual basis and the knowing involuntariness of the plea. So what I'm concerned about is how can a district judge, does a district judge have to then, do we have reverse magic words? Does the district judge have to say, I am not accepting the plea at this time, I am making the factual findings that go hand in hand with the plea itself, so that I can say at the end of this process, you all can be assured that I have found a factual basis in a knowing involuntary plea, but I am alerting you that I have not yet accepted the plea? Do we need backwards magic words? No, Your Honor. So how does a district judge accomplish that? If we're going to construe the finding that it's a factual basis in a voluntary plea as an acceptance, how does the district judge avoid that? Well, the way it was carried out here, Your Honor, we submit was the right way. The district court followed all of Rule 11's processes, asked the questions, made the finding, and it never stated it was reserving its decision. So you are saying that the judge would have to say affirmatively, I am reserving the question of whether to accept the plea? That would have been helpful, Your Honor. I don't think such a bright-line rule would be necessary here. After reviewing the transcript for the proceeding, it's clear that she had accepted the plea, just taken in the whole context and the questions she asked, her statements even at the end. But those questions and statements are all of the statements. So I was a magistrate judge for a long time, and I took a lot of guilty pleas as a magistrate judge. I went through that entire process, but I could not and did not then accept the plea. But I did everything that the district judge did here, and the plea was not accepted, and there was no purporting to accept it. And so I hear you saying that, but I guess I'm trying to understand how a district judge, without making the affirmative statement that they were not accepting the plea, could satisfy their obligations at Rule 11 without being found to have accepted the plea under your approach. Right, Your Honor, and I'm not sure that there's a specific formula or even that it would be helpful to find a specific wording that would go against the rule. What could be taken out of this plea colloquy that would make it not accepted? It's hard to tell, Your Honor. Taken into consideration as a whole, it's very clear that she's accepting, she's finding all the things she needs to find, and I understand that magistrate judges do the same thing. She's laying the groundwork for accepting the guilty plea, absolutely. And she does later on enter the entry, the docket entry. I think the admitted entry is a separate issue, but if we didn't have the admitted entry, I'm trying to understand what in this transcript where she says, given the information you provided, I find you're acting voluntarily, you understand your rights, and there's a factual basis, period, that she moves right to, you should cooperate in the PSR process. Right, and even that discussion of the PSR and scheduling the sentencing hearing, at no point there's any indication that she had any concerns about... Right, but the law is very clear. You're allowed to wait for the PSR and the sentencing process to decide whether to accept the plea, and we sometimes affirmatively choose to do that. But it sounds like your position is that we should assume the judge is accepting the plea even without the word accept, unless the judge affirmatively tells us otherwise. Your Honor, the difference between the example you gave for magistrate judges is that in that case the district judge would still be required to accept the plea in that case. But if it was the same transcript by both a magistrate judge and a district judge, that would be the only difference. The district judge is required to accept it. Because it's the district judge who's empowered to accept it, we assume that that happened. In this case, considering everything that went through the proceeding, that she made all the findings, followed Rule 11, did not say that she reserved her judgment, and then she confirmed again in the docket entry, then yes, Your Honor, that would be our position. And so even if Rule 11, even if that weren't the case, the appellant had no right to or was not able to justify the withdrawal of the plea. So under Rule 11d2, he would have to show that he had a fair and just reason, which he... Before you, I know we took up a lot of time with the change of plea, whether it was accepted or not. I think we can look at the record to sort of draw inferences from what happened or didn't happen, whether it was reserved or not. But with the time you have left, if you could address how Robinson applies or does not apply to this case and whether you oppose a remand to the district court in light of Robinson to reassess that condition, search condition. Yes, Your Honor. And we do oppose a remand in this case. We agree that the location portion of the non-association condition should be stricken, but this court can strike that portion of the condition without having to waste judicial resources and remand the case back to the district court. Robinson is extremely similar to the situation that we see here, but... Where is the deception here? There's no particular deception here, but... So you concede that there is no evidence of lying to police or any deception that would suggest extra supervision would be better? No deception, Your Honor, but still there is enough or sufficient information on the record that there is a particular need for close supervision of the appellant... Such as? ...as well as his prolific criminal history. At 37 years old, he has seven prior convictions, many of them involving really serious, violent, gun-related crimes. This case itself, as charged as possession of ammunition by a felon, involves a gun battle that he initiated on the street. That's correct, Your Honor. It's not your typical gun, felon in possession, run-of-the-mill supervision. The defendant initiated and carried out a public gun... The search condition without the computer piece would permit, on mere reasonable suspicion, the ransacking of all of his possessions, the search of his entire house, any garage, any car, his person, anything that he owns, except an electronic device. Right? I mean, that's already there. And the question is, are electronic devices so sacrosanct that there is some extraordinary requirement that is necessary to search that? While for those of us who are old enough to remember before there were electronic devices, it would seem rather extraordinarily intrusive to permit the search of all of one's possessions and all of the things that might today be kept on a computer in an electronic form that back in the day would have been kept on paper in a file cabinet or something of that sort that would be exposed by this particular search condition regardless of the computers. So the argument has to be that for some reason, if someone makes a false statement to the police under interrogation, that would warrant throwing in the search of the computers too. And that would be the distinguishing factor that would permit that after Robinson, and it would not be permitted absent that, even for someone who shoots people on the street. Well, Your Honor, we don't see the lying as the distinguishing factor here in the appellants. No, you're not saying that. I'm trying to help you. In the appellant's case, Your Honor, he by … What he is suggesting is that electronic devices are so sacred that a pattern of behavior that would justify the search of everything else that the person owns would not be sufficient to justify unreasonable suspicion in the search for an electronic device, even though the electronic device is now used for most of the same purposes that used to be performed by materials that would be subject, would have been subject to search, would still be subject to search under the standard search condition. Right, Your Honor. That's correct. And so, as Your Honor said, in an earlier era, general residence search would have perhaps addressed the supervision concerns and purposes of supervision. But in the modern era, repeat offenders who have also previously committed crimes while in supervision and as the appellant had parole revoked multiple times because they committed crimes, then in this case that would be necessary. And I know I've taken up more time than I should have, so unless Your Honors have any further questions, we'll rely on our papers. Thank you, counsel. Thank you. So I just want to go briefly back to Judge Lynch. The difference here is that the search of a cell phone is materially different than the search of residence. Because in the residence or in those other areas, because there there's a justification they're going to look for weapons, things that, that type of thing, that are consistent with Mr. Rappesant's history. He has a violent history. He does have a history of getting weapons, even shot himself one time with a weapon. He picked up. So that's, so I can understand the justification there. But going through a cell phone, that's a different area. And the Supreme Court says it's different, right? Excuse me? The Supreme Court says cell phones are special, don't they? Yes, yes. I believe so, although I don't have a site in mind, Your Honor. And also, the lying issue was something that the Robertson panel specifically pointed to in the footnote. They distinguished those prior cases that Judge Kahn was on the panel of saying, well, here he lied, therefore this is a different situation. So on that basis, I think there is a difference. Of course, again, in the pre-computer era, that search condition, if the probation officer had a reasonable suspicion that the probationer had acquired a weapon, maybe because some informant said so or something like that, the search would not only be permitted for the weapon, right? And they could also look at his photographs, if he had a collection of photographs, to see whether there was a recent picture of him with a weapon. It would also justify looking at a file cabinet to see whether there were invoices for the purchase of a weapon. And all of those are things that could be today found on a computer or a cell phone instead of in the closet in a shoebox or in a file cabinet in a file holder. And those are the – and, you know, if there were some reason to suggest that – a reasonable suspicion that he was consorting with other felons, which would be a violation of his supervised release, the search could include a look at an address book that the person owned. Well, now the address book is on a cell phone. You know, and we – yeah, everybody – you know, I think the Supreme Court is worried about the fact that they all own cell phones and they think, oh, my God, if anybody got into that, what would they see? Well, they'd see a lot of stuff, but they'd see still stuff that is very similar to what would be seen in a search of people's bedroom drawers. It's – it just seems to me that this is a magic thing. But is it exactly the same – for example, in the old days, you might be able to search every drawer, every cabinet, photographs, letters, correspondence, but you wouldn't be able to track the person's daily activities and you wouldn't be able to necessarily get a wire going unless you had a proper court order. And I think a phone, and maybe it's a factor of technology, enables law enforcement to look at more. You can look at where somebody was. You can track their movements. You can pick up voice messages and things that now technology – you know, you can have safe conversations. And I know some of it is analogous to correspondence. People would write notes and letters. But some of the ability of the technology is a little bit more intrusive, and I think the Supreme Court is talking about those kinds of things, where you're tracking someone's every movement, which is a little different. And that's why I came back and I said, if this was an expansion of the conditions, it ought to be handled in a – by the Sentencing Commission and reviewed by Congress and not be adopted on speculation here. We don't have Mr. Rampersant himself doing any of these things. So – and it doesn't seem like he was – would have a receipt for purchasing a firearm. That doesn't seem the way he – You wouldn't think he would. But if the falsity is not in and of itself alone, but his criminal history – I mean, his conduct is very dangerous. So you could – you could envision that law enforcement would have a reasonable basis to make sure that he's not talking to other people about planning another shootout in the middle of a public street. So his criminal history and the conduct that goes with it would suggest that maybe, in his case, the criminal history could be tied to a condition to search his phone. And that's my recommendation, Your Honor, was to remand this and let this go back to the judge to do that kind of fact-finding and to see whether that's appropriate or not. Okay. Thank you.  It's very well argued. We appreciate your arguments.